RECEIVED
IN ALEXANDRIA, LA

MAY 1 3 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| DON CARLOS WILLIS (#106680) | DOCKET NO. 09-CV-1510; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CATAHOULA CORRECTIONAL CENTER | MAGISTRATE JUDGE JAMES D. KIRK |

---

IMPORTANT NOTICE: COURTESY COPIES OF DOCUMENTS YOU FILE
SHOULD NOT BE PROVIDED TO ANY JUDGE.
ALL COMMUNICATIONS WITH THE COURT SHALL ONLY BE
THROUGH DOCUMENTS FILED WITH THE CLERK OF COURT.

---

### REPORT AND RECOMMENDATION

Plaintiff Don C. Willis, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights complaint (42 U.S.C. §1983) on August 29, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana. However, he complains of conditions of confinement at Catahoula Correctional Center (CCC), where he was previously incarcerated. In his original complaint, he sued only the CCC, however, in his amended complaint he named Catahoula Parish Sheriff James Glen Kelly as an additional defendant. Plaintiff now prays for $1,000,000 in damages for mental pain and suffering and $500,000 in damages for the violation of his Eighth Amendment right to be free from cruel and unusual punishment. [Doc. #13] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636

and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

### Factual Background

Plaintiff was incarcerated at Catahoula Correctional Center (CCC) from May 11, 2009 until June 26, 2009 at which time he was transferred to Forcht Wade Correctional Center (FWCC). Some time thereafter, Plaintiff was transferred to Winn Correctional Center (WNC), where he is currently incarcerated. He has filed separate lawsuits against these prisons for depriving him of medication, medical appliances, and medical care. See Don Carlos Willis v. Winn Correctional Center, et al., No. 1:09-cv-1711; Don Carlos Willis v. Warden Batson, et al., No. 5:09-cv-2126; and Don C. Willis v. Tim Wilkerson, et al., No. 1:10-cv-0170.

In his original complaint [Doc. #1] Plaintiff alleged that CCC deprived him of blood pressure medication, blood sugar tests, and a diabetic diet. Plaintiff claimed that he is totally disabled, and was housed in a cell that did not have handicap accessibility. Plaintiff alleged that on May 19, 2009, he fell in his cell. Then, on June 23, 2009, Plaintiff experienced severe chest pains, which caused him to fall again injuring his foot and back. Plaintiff was not taken to a hospital after his second fall. However, he was transferred to FWCC within days of the accident.

His first amended complaint [Doc. #5] alleged similar facts. He complained that he has "... an order to have a wheel chair with

2

me at all times..." but CCC refused to provide him with one.

On February 1, 2010 Plaintiff was ordered to amend his complaint. [Doc. #10][1]

He filed an amended complaint in response to that order on March 16, 2010. [Doc. #13] Again, he alleged that he arrived at CCC on May 10, 2009 and he was placed in a lock-down cell with two

---

[1] Plaintiff was instructed as follows: "Plaintiff seeks to hold Catahoula Correctional, which is a limited liability company, responsible under 42 U.S.C. §1983 for the acts of its employees. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private company is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). A private corporation is liable under §1983 only when **an official policy or custom** of the corporation causes or is the "moving force of the constitutional violation." Id. Plaintiff should amend his complaint to raise any allegations that an official policy or custom of Catahoula Correctional Center was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights.

If Plaintiff can identify or allege no policy or custom of CCC as a whole, he should amend his complaint to dismiss CCC as a defendant and instead present specific allegations against the *individual employees* at CCC that he claims violated his constitutional rights. Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require that a Plaintiff allege specific facts that support the conclusion that his constitutional rights were violated by each person named as a defendant. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm that results in injury. **Deliberate indifference requires the subjective intent to cause harm**. Hare v. City of Corinth, Miss., 74 F.3d 633, 649 (5th Cir. 1996)(en banc). Negligent or mistaken medical treatment does not provide the basis for a civil rights action. See Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). In fact, negligence, neglect, or even malpractice is insufficient to demonstrate "deliberate indifference." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Thus, Plaintiff can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001). Plaintiff should amend his complaint to provide a description of how **each individual** acted with deliberate indifference or a subjective intent to cause harm.

Finally, whether he seeks to hold CCC liable or the individual defendants liable, Plaintiff should state what, if any, physical injury he suffered as a result of the allegedly wrongful acts." [Doc. #10]

other inmates. Plaintiff was assigned the lower bunk for medical reasons. He was allowed to leave the cell for only 10 minutes a day to shower.

He was examined by a nurse attendant who obtained plaintiff's medical history. However, he was not provided a diet appropriate to his medical conditions – heart disease, high blood pressure, diabetes and he was not given Topral, a medication to control his blood pressure. He was also denied access to a wheelchair which had previously been ordered by his physician prior to his incarceration. He was not allowed to monitor his blood sugar levels or his blood pressure and was not allowed to receive Vicodin-HP for pain, Xanax for post-traumatic stress disorder (PTSD) or Soma for muscle spasms. On several occasions, plaintiff requested treatment for high blood pressure, diabetes, and PTSD. However, his requests were denied.

Plaintiff fell on two occasions. His first fall occurred on May 19, 2009; he was attended to by two corrections officer and a nurse and he was sent to the hospital for examination and treatment.   The second fall occurred on June 23, 2009 when plaintiff began to experience chest pains. He was moved by hand and complained that no emergency apparatus was employed. He was not examined by a physician but was moved to another cell. Thereafter, on another occasion, he was exposed to chemical mace which caused him to cough.

4

Plaintiff alleged that CCC "... failed at caring and protecting persons who are recognized by the ... Americans with Disabilities Act..." and exposed plaintiff to cruel and unusual conditions of confinement.

### Law and Analysis

### 1. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022,

5

1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.   Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous.  Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

Petitioner's original complaint provided scant factual support for his claims against the only defendant, CCC. He was afforded an opportunity to amend and he was instructed to provide more specific factual allegations in support of his claim for relief.

6

He added an additional defendant, Sheriff Kelly, however, he alleged no fault on the part of either CCC or Sheriff Kelly. Nevertheless, Plaintiff need not be afforded any additional opportunities to amend.

## 2. Claims Against CCC and Sheriff Kelly

As noted, plaintiff named CCC as his sole defendant in his original complaint and his first amended complaint. [See Docs. #1 and 5] He was instructed as follows, "Plaintiff seeks to hold Catahoula Correctional, which is a limited liability company, responsible under 42 U.S.C. §1983 for the acts of its employees. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private company is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. <u>Rosborough v. Mgmt. & Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003). A private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the 'moving force of the constitutional violation.' <i>Id.</i>"

Plaintiff was instructed to amend his complaint and identify an official policy or custom of Catahoula Correctional Center which was the 'moving force' behind its employees' alleged deprivation of Plaintiff's civil rights. Plaintiff amended his complaint, however, he failed to allege any official policy or custom on the part of

7

CCC which caused or was the moving force behind the alleged constitutional violations.

Further, he named Catahoula Parish Sheriff James Glen Kelly as an additional defendant. However, plaintiff alleged no fault on the part of Sheriff Kelly and therefore, it must be assumed that he named Kelly as a defendant in his supervisory capacity.

A subordinate's fault does not result in supervisory liability under § 1983. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir.1999). This is so because 42 U.S.C. §1983 does not create supervisory or *respondeat superior* liability. Alton v. Tex. A & M Univ., 168 F.3d 196, 200 (5th Cir.1999) ("Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir.1987) ("Under section 1983 supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir.1981) ( *per curiam*).

Supervisory officials may be held liable only if they were personally involved in the acts causing the deprivation of the prisoner's constitutional rights, or, if there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed.   Thompkins v.

Belt, 828 F.2d 298, 304 (5th Cir.1987); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir.1981)(*per curiam*).

Plaintiff has alleged no personal involvement on the part of Sheriff Kelly and, he has showed no causal connection between any act or omission by Kelly and the alleged constitutional violations.

Since Plaintiff alleged neither personal fault nor any basis for liability against CCC or Sheriff Kelly, his claims, with regard to these defendants,  lack an arguable basis in law and in fact and are subject to dismissal as frivolous.  Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### 3. *Americans With Disabilities Act*

Plaintiff implies that CCC is in violation of the Americans with Disabilities Act or ADA. He alleged that CCC "... failed at caring and protecting persons who are recognized by the ADA ... [and are] liable for the injuries sustained by Plaintiff ... in their not adhering to the [ADA] Guidelines ... [in that] the duty to act or refrain from acting in a particular manner when inside of buildings and facilities were not adhered to in the handling of Plaintiff ..." [Doc. #13, ¶5] He also alleged that prior to his incarceration, his physician had previously ordered the use of a wheelchair as needed and that the refusal to honor this order "...

9

is a clear violation of the [ADA]..." [*Id.*, p. 10]

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. To establish a claim under the ADA, the plaintiff must show (1) that he is a qualified individual under the Act; (2) that he is being excluded from participation in or being denied benefits of services, programs, or activities for which the defendants are responsible, or that he is otherwise being discriminated against by the defendants; and (3) that this exclusion, denial of benefits, or discrimination is by reason of the disability. <u>Lightbourn v. County of El Paso, Texas</u>, 118 F.3d 421, 428 (5th Cir.1997). Title II of the ADA applies to state prison facilities and state prison services. See <u>Pennsylvania Dep't of Corrections v. Yeskey</u>, 524 U.S. 206, 210, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998).

Plaintiff claims that he suffers from heart disease, high blood pressure, diabetes, and post-traumatic stress disorder. He claims that he is in need of a wheelchair. However, he alleged no facts - other than his self serving and conclusory statements - to show that these conditions render him disabled for purposes of

10

the ADA. Not every impairment, even if severe, is a disability within the meaning of the ADA. See, e.g., Bridges v. City of Bossier, 92 F.3d 329, 334 (5th Cir.1996) (hemophilia); Rogers v. Int'l Marine Terminals, Inc., 87 F.3d 755, 759 (5th Cir.1996) (ankle problems); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 191 (5th Cir.1996) (breast cancer); Oswalt v. Sara Lee Corp., 74 F.3d 91, 92 (5th Cir.1996) (high blood pressure). To obtain relief under the ADA, a plaintiff must demonstrate that his condition significantly impairs a major life activity, and plaintiff has made no such demonstration.

Finally, and more importantly, he has not alleged that anyone discriminated against him because of any disabilities. Therefore, with regard to claims arising under the ADA, plaintiff has failed to state a claim for which relief might be granted.

### 4. *Medical Care*

Plaintiff faults the defendants for failing to provide prompt and appropriate medical care during his six week stay at CCC.

To state a cause of action for inadequate medical care, a prisoner needs to show deliberate indifference to a serious medical need, which constitutes the unnecessary and wanton infliction of pain that is proscribed by the Eighth Amendment.

11

<u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

A delay in medical care can only amount to an Eighth Amendment violation if there has been a deliberate indifference, <u>resulting in substantial harm</u>. <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir.1993) (emphasis supplied). Plaintiff was specifically directed to "... state what, if any, physical injury he suffered as a result of the allegedly wrongful acts." [Doc. #10, p. 4] He alleged no injuries resulting from the failure to provide medication or a diabetic diet or blood pressure or blood sugar monitoring.

Indeed, with regard to an injury, he alleged only that he will require back surgery as a result of the two falls, but that allegation is purely speculative and conclusory. The only actual injury he alleged was an unspecified injury to his foot, and he blamed that injury on the corrections officers because they failed to use a body board or other medical apparatus when they picked him up after his falls.

With regard to that claim, he has, at worst, alleged negligence on the part of the part of the corrections officers and a complaint alleging negligence does not state a constitutional claim. See <u>Stewart v. Murphy</u>, 174 F.3d 530, 534 (5th Cir.1999).

## Conclusion and Recommendation

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Alexandria, Louisiana, _May 13_, 2010.

13

JAMES D. KIRK
United States Magistrate Judge